IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| HOWARD HEIMANN, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 6:17-03348-CV-RK |
| ALTERNATIVE ENERGY, LLC, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court is Plaintiff's Motion to Remand. (Doc. 3.) Defendant filed suggestions opposing the motion. (Doc. 4.) Plaintiff did not file a reply, and the time for doing so has now expired. For the reasons stated below, Plaintiff's Motion to Remand is **GRANTED**.

Plaintiff filed this case in the Circuit Court of Greene County, Missouri, alleging that he was unlawfully retaliated against by Defendant, his employer, because he had complained about harassment based on his disability. (Doc. 1-1 at 8-9.) Subsequently, Defendant removed the case to this Court. (Doc. 1.) Defendant's Notice of Removal asserts that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 1343(a), because "Plaintiff raises claims of violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq." ("ADA"), and the Court has pendent jurisdiction of Plaintiff's state-law claims because they "arise out of the same acts and events that give rise to Plaintiff's federal claims." (*Id.*)

An action may be removed to federal court if it falls within the original jurisdiction of the district court, and federal district courts have original jurisdiction over civil cases arising under federal law. 28 U.S.C. §§ 1331, 1441(a). If the case does not fall within the district court's original jurisdiction, the court must remand the case to the state court from which is was removed. 28 U.S.C. § 1447(c). A party seeking removal and opposing remand carries the burden of establishing federal subject-matter jurisdiction by a preponderance of the evidence. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). Furthermore, any doubts about the propriety of removal should be resolved in favor of remand. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993) (per curiam).

Here, the parties dispute whether Plaintiff asserts a claim under the ADA. The first paragraph of Plaintiff's two-page Petition states, "This cause of action is brought pursuant to

R.S.Mo. § 213.111." This section of the Revised Statutes of Missouri provides the right to civil actions for violations of the Missouri Human Rights Act. Thus, Plaintiff argues "the Petition explicitly states that Plaintiff's cause of action arises under the Missouri Human Rights Act and not under any Federal law." Defendant argues that despite the initial paragraph, Plaintiff asserts an ADA claim because (1) Plaintiff's factual allegations cover the elements of an ADA claim; (2) the Petition references the ADA; and (3) the Petition references the fact that Plaintiff's charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") in addition to the Missouri Commission on Human Rights ("MCHR").

The Court finds that Plaintiff's Petition, which begins, "[t]his cause of action is brought pursuant to R.S.Mo. § 213.111," does not state a claim that arises under federal law. *See Zampitella v. Walgreens Co.*, 2016 U.S. Dist. LEXIS 87224, at *8 (E.D. Mo. July 6, 2016) (holding that, despite references to federal statutes in the complaint, plaintiff's claims did not arise under federal law where the first paragraph of the complaint states that the case arises under the Missouri Human Rights Act). Defendant's first argument holds no weight because the factual allegations, which may lead to a cause of action under the ADA, also lead to a cause of action under the Missouri Human Rights Act. *Horner v. City of Lee's Summit*, 2009 U.S. Dist. LEXIS 120890, at *4 (W.D. Mo. Dec. 29, 2009) ("plaintiff is the master of his claim and may avoid federal removal jurisdiction by exclusive reliance on state law"). Next, the Court finds that Plaintiff's single reference to the ADA – "[Plaintiff's] condition constitutes a 'disability' under the Missouri Human Rights Act and Americans with Disabilities Act" – is insufficient to establish jurisdiction viewed in light of the whole Petition. *Cross v. Children's Place Retail Stores, Inc.*, 2015 U.S. Dist. LEXIS 67629, at *6 (E.D. Mo. May 26, 2015) ("Mere references to federal statutes do not amount to asserting a federal claim.") (citations omitted). Finally, the reference to the EEOC[1] is not enough to establish federal jurisdiction. *See Cross*, 2015 U.S. Dist. LEXIS 67629, at *6-7 (explaining the "worksharing agreement" between the MCHR and the EEOC under which "a Missouri plaintiff may satisfy the requirement that he exhaust administrative remedies prior to filing suit in federal or state court by filing a charge of

---

[1] For clarity, the Court notes that the Petition states a charge and a later amendment were filed "with the Missouri Commission on Human Rights" ("MCHR") (Doc. 1-1 at ¶¶ 17, 20.) The charge and amendment were attached to the Petition and incorporated by reference. (*Id.*) On both the charge and amendment, Plaintiff had checked a box that said, "I want this charge filed with both the EEOC and the [MCHR]." (*Id.* at 10-11.)

discrimination with either the MHRC or the EEOC after which one or the other agency will respond[,]" and therefore, holding that "references to the EEOC merely demonstrate that [the plaintiff] has exhausted his administrative remedies" and do not assert a federal cause of action).

Therefore, because Plaintiff's claims do not arise under federal law and there is no basis for finding jurisdiction based on diversity of citizenship, the Court lacks subject-matter jurisdiction over this action.

Accordingly,

IT IS ORDRED that Plaintiff's Motion to Remand (doc. 3) is **GRANTED**.

IT IS FURTHER ORDERED that this case is **REMANDED** to the Circuit Court of Greene County, Missouri.

                                                      s/ Roseann A. Ketchmark
                                                      ROSEANN A. KETCHMARK, JUDGE
                                                      UNITED STATES DISTRICT COURT

DATED: December 15, 2017